IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MEL M. MARIN**, | ) |
| Plaintiff, | ) |
| v. | ) 1:13cv186 |
| | ) **Electronic Filing** |
| **WALMART STORES, INC**, | ) |
| **GE CAPITAL RETAIL BANK**, | ) |
| and **WOOD FOREST NATIONAL BANK** | ) |
| Defendants. | ) |

# MEMORANDUM OPINION

Mel M. Marin ("plaintiff") filed a motion to proceed *in forma pauperis* on June 26, 2013, and submitted with it a complaint seeking relief for alleged violations of the Electronic Fund Transfer Act, 15 U.S.C. § 1693, the Credit Repair Organizations Act, 15 U.S.C. § 1679, the Federal Trade Commission Act, 15 U.S.C. § 45, and advancing various state law claims.[1]

---

[1] Plaintiff, also known as Melvin M. Marinkovic, is a serial *pro se* filer who has filed vexatious litigation in this court in *Mel Marin v. The Erie Times, et al.*, 1:11cv102 (Doc. No. 18), *aff'd*, 525 F. App'x 74 (3d Cir. 2013); *In re: Joseph Fragile, et al.*, 2:11cv788 (Doc. No. 8); *In re: Joseph Fragile, et al.*, 2:11cv789 (Doc. No. 7), *Mel Marin v. Tom Leslie, et al.*, 2:09cv1453 (Doc. No.s 57 & 58); *Melvin M. Marinkovic v. Mayor Joseph Sinnott, et al.*, 1:12cv139 (Doc. No. 21), *Marin v. La Paloma Healthcare Center, et al.*, 1:11cv230 (Doc. No.s 2 & 3), and *Marinkovic v. Sinnott, et al.*, 1:13cv185 (Doc. Nos. 2 & 3). He has filed an action challenging the actions of private citizens in opposing his campaign for federal congress, which the court found likely to be "more of the same." *See Marin v. Robert A. Biros, et al.*, 2:11cv884 (Doc. No. 6 at 4). Plaintiff also has pursued an action challenging the need for him to submit his social security number in order to receive a profession license as an Emergency Medical Technician, which the court found to be without merit at summary judgment. *See* Opinion of April 11, 2014 in *Mel Marin v. William McClincy and Melissa Thompson*, 1:11cv132 (Doc. No. 81 in 1:11cv132). He likewise has filed over 70 proceedings in other jurisdictions and been placed on the "Vexatious Litigant List" by the State of California in connection with a filing in the San Diego Superior Court at No. 720715. *See* Transmittal Statement of the Bankruptcy Court to Accompany Notice of Appeal (Doc. No. 1-14) in *In re: Joseph Fragile, et al.*, 2:11cv789 (W.D. Pa. June 15, 2011) at 6 n.3. Plaintiff "was once a law clerk in the federal court and a 9th Circuit extern." Verified First Amended Complaint in *Melvin M. Marinkovic v. Mayor Joseph Sinnott, et al.*, 1:12cv139 (Doc. No. 3) at ¶ 112. Plaintiff attended Harvard University and has a law degree from Oxford University. For additional information and another account of similar escapades by plaintiff *see, e.g.,* http://triblive.com/news/armstrong/8171747-74/marin-county-lawsuit.

Presently before the court is plaintiff's motion to proceed *in forma pauperis*. For the reasons set forth below, the motion will granted and the Clerk will be directed to file the complaint. Further, plaintiff's federal claims will be dismissed for failure to state a claim upon which relief can be granted and the court will decline to exercise jurisdiction over the state law claims pursuant to its discretion under 28 U.S.C. § 1367(c)(3).

The United States Court of Appeals for the Third Circuit has instructed the district courts to utilize a two-step analysis to determine whether to direct service of a complaint where the plaintiff seeks to proceed in forma pauperis. First, the court must determine whether the litigant is indigent within the meaning of 28 U.S.C. § 1915(a). Second, the court must determine whether the complaint is frivolous or malicious under 28 U.S.C. § 1915(d). *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990). The court finds plaintiff to be without sufficient funds to pay the required filing fee. Thus, he will be granted leave to proceed in forma pauperis.

---

Plaintiff also uses different addresses in different states to maintain his pending cases. He frequently claims not to have received mail at the address he maintains in the court's docket and seeks to reset his own deadlines for compliance with any particular pretrial deadline. A review of his filings in the related dockets reflects the repeated use of such tactics. *See e.g.* Motion for Service (Doc. No. 13 in 1:12cv139); Motion for an Order to Allow Filing of Opposition to Motion to Dismiss Out-of-Time (Doc. No. 17 in 1:12cv139); Notice of and Motion for Leave to Allow Responses to Order of April 11, 2013 Out-of-Time and Request for Clerk to Send Case Management Order and Declaration in Support (Doc. No. 51 in 2:09cv1453) at 1; Notice of and Motion to Supplement Motion for Late Response to Order of April 11, 2013 Out-of-Time and Request for Clerk to Send 2011 Case Management Order (Doc. No. 55 in 2:09cv1453) at 1; Plaintiff's Notice of and Motion for Leave to File a Pre-Trail Statement Out-of-Time (Doc. No. 31 in 2:06cv690) at 1; Plaintiff's Notice of Change of Address and Motion for Remailing (Doc. No. 52 in 1:11-cv-132); Motion for Leave to File Opposition to Summary Judgment Out of Time (Doc. No. 64 in 1:11-cv-132 at 5-6); Motion for Leave to File Third Amended Complaint Out of Time (Doc. No. 65 in 1:11-cv-132 at 1); Motion to Vacate Memorandum & Order Dismissing Case (Doc. No. 10 in 2:11cv884). The docket in each case verifies that in accordance with the Local Rules all orders and opinions are mailed to plaintiff at the mailing address he has provided for the particular case (which includes a change of address upon proper notification to the Clerk).

In *Neitzke v. Williams*, 490 U.S. 319 (1989), the Supreme Court identified two types of legally frivolous complaints: (1) those based upon indisputably meritless legal theory, and (2) those with factual contentions which clearly are baseless. *Id.* at 327. An example of the first is where a defendant enjoys immunity from suit, and an example of the second is a claim describing a factual scenario which is fanciful or delusional. *Id*. In addition, Congress has expanded the scope of § 1915 to require that the court be satisfied that the complaint states a claim upon which relief can be granted before it directs service; if it does not, the action shall be dismissed. 28 U.S.C. § 1915(e) (2) (B) (ii).

Plaintiff filed the instant action based on his purchase of an electronic gift card (i.e. an access device) at a Walmart Store, certain asserted representations that were made to plaintiff by a Walmart employee when he purchased the card and his dissatisfaction when he demanded redress from Walmart and GE Capital Retail Bank in conjunction with the purchase of that card/access devise. Complaint (Doc. No. 1-1). The record fails to contain any evidence about plaintiff's financial ability to pay the filing fee save plaintiff's asserted claims of poverty. Accordingly, plaintiff will be granted *in forma pauperis* status and the Clerk will be directed to file plaintiff's complaint.

Plaintiff's federal causes of action will be dismissed for failure to state a claim upon which relief can be granted. Plaintiff's claim for violation of the Electronic Fund Transfer Act, 15 U.S.C. § 1693, fails to state a claim because as an individual with extensive legal training plaintiff cannot bypass the expressed disclosures on the access device he purchased by referencing general and vague statements by a Walmart employee and plaintiff admittedly chose to withhold the personal information needed by the bank to fix any error in activating the devise and/or issuing a refund. Plaintiff's claim for violation of the Credit Repair Organizations Act, 15 U.S.C. § 1679, fails to state a claim because the actual facts alleged do not even give rise to an

inkling that the defendants harbored a state of mind that is indicative of fraud. Finally, the actual facts alleged do not give rise to any basis to assume or infer that a violation of the Federal Trade Commission Act, 15 U.S.C. § 45, has occurred.

A federal court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. §1367(c)(3). Here, plaintiff's federal causes of action will be dismissed and there has not been any development of plaintiff's state law claims. Accordingly, the court will dismiss plaintiff's state law claims without prejudice to refile those claims in state court.

For the reasons set forth above, plaintiff's complaint will be dismissed. Appropriate orders will follow.

Date: September 30, 2016

s/David Stewart Cercone
David Stewart Cercone
United States District Judge

cc: Mel M. Marin
     3900 Dawnshire Drive
     Parma, OH 44134

(*Via United States Postal Service Mail*)

Edmond R. Joyal , Jr., Esquire

(*Via CM/ECF Electronic Mail*)